UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-62190-CIV-ZLOCH

CHANEL, INC.,

Plaintiff,

vs.

7788 JEWELRY&GIFTS STORE, et al.,

Defendants.

**DEFAULT FINAL JUDGMENT AND PERMANENT INJUNCTION**

THIS MATTER is before the Court upon Plaintiff's Motion for Entry of Default Final Judgment Against Defendants (DE 28). The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

The Court notes that all Defendants listed in Schedule "A" attached hereto were duly served with process on October 18, 2016. See DE 24 and DE 25. These Defendants failed to file an appropriate Motion or responsive pleading within the time prescribed by law. On December 9, 2016, the Clerk of the United States District Court for the Southern District of Florida entered Default against said Defendants, see DE 27.

By the instant Motion, Plaintiff seeks permanent injunctive relief and awards of statutory damages against Defendants for Federal Trademark Counterfeiting and Infringement under 15 U.S.C. § 1114 of the Lanham Act, False Designation of Origin under 15 U.S.C. § 1125(a) of the Lanham Act, Common Law Unfair Competition, and Common Law Trademark Infringement.

The well-pleaded allegations made in Plaintiff's Complaint (DE 1) are deemed to have been admitted by Defendants by virtue of the default entered against them. Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1277-78 (11th Cir. 2005) (citations omitted). Here, Plaintiff alleges that Defendants engaged in the sale or offering for sale of goods which bore marks which are "identical copies" of Plaintiff's trademarks. DE 1, ¶ 23. The Court notes that such marks are within the definition of "counterfeit mark," as used in the Lanham Act. 15 U.S.C. § 1116(d)(1)(B)(ii). Thus, the Court finds that Defendants infringed on Plaintiff's trademarks by their use of the counterfeit marks.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The Court has jurisdiction over the parties hereto and the subject matter herein;

2. Plaintiff's Motion for Entry of Final Default Judgment Against Defendants (DE 28) the Individuals, Partnerships and Unincorporated Associations identified on Schedule "A" attached hereto be and the same is hereby **GRANTED**;

3. Pursuant to Federal Rules of Civil Procedure 55 and 58, Default Final Judgment be and the same is hereby **ENTERED** in favor of Plaintiff, Chanel, Inc., and against Defendants the Individuals, Partnerships and Unincorporated Associations

identified on Schedule "A" attached hereto upon Plaintiff's Complaint (DE 1);

4. The Court finds that Defendants the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" attached hereto willfully infringed on the federal statutory trademark rights in marks registered in the United States Patent and Trademark Office and owned by Plaintiff in violation of 15 U.S.C. §§ 1114 & 1125(a) and promoted, advertised, distributed, sold, and/or offered for sale goods bearing marks which are virtually identical, both visually and phonetically, to Plaintiff's trademarks in violation of Florida's common law of unfair competition and common law trademark infringement;

5. Pursuant to Federal Rule of Civil Procedure 65, Defendants the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" attached hereto and their officers, agents, servants, employees and attorneys, and all persons acting in concert and participation with Defendants are hereby **PERMANENTLY RESTRAINED AND ENJOINED FROM:**

    a. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods bearing Plaintiff's trademarks identified in Paragraph 14 of the Complaint and Schedule "B" annexed thereto (the "Chanel Marks");

b. using the Chanel Marks in connection with the sale of any unauthorized goods;

c. using any logo, and/or layout which may be calculated to falsely advertise the services or products of Defendants offered for sale or sold via the Internet based e-commerce stores operating under their seller identification names identified on Schedule "A" hereto (collectively the "Seller IDs") and/or any other e-commerce store, seller identity, website, or business, as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff;

d. falsely representing themselves as being connected with Plaintiff, through sponsorship or association;

e. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants offered for sale or sold via the Seller IDs and/or any other e-commerce store, seller identity, website, or business, are in any way endorsed by, approved by, and/or associated with Plaintiff;

f. using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants via the Seller IDs and/or any other e-commerce store, seller identity, website, or business;

g. affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent goods offered for sale or sold by Defendants via the Seller IDs and/or any other e-commerce store, seller identity, website, or business, as being those of Plaintiff or in any way endorsed by Plaintiff;

h. otherwise unfairly competing with Plaintiff;

i. using the Chanel Marks, or any confusingly similar trademarks, on e-commerce stores and

    auctions, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to Internet based e-commerce store website businesses registered by, owned, or operated by Defendants, including the e-commerce stores operating under all of the Seller IDs; and

j. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

6. Statutory damages:

a. Statutory damages of $100,000.00 in favor of Plaintiff and against each Defendant pursuant to 15 U.S.C. § 1117(c), for which let execution issue;

7. All funds currently restrained by the financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, Alibaba.com Hong Kong Limited, which operates the AliExpress.com platform ("AliExpress"), Zhejiang Ant Small and Micro Financial Services Group Co., Ltd. ("Ant Financial Services"), AliPay (China) Internet Technology Co. Ltd. and Alipay.com Co., Ltd. (collectively, "Alipay"), Worldpay US, Inc. ("Worldpay"), and their related companies and affiliates, pursuant to the temporary restraining order and preliminary injunction in this action are to be immediately (within 5 business days) transferred to Plaintiff in partial satisfaction

of the monetary judgment entered herein against each Defendant. The financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, AliExpress, Ant Financial Services, Alipay, Worldpay, and their related companies and affiliates, shall provide to Plaintiff at the time the funds are released, a breakdown reflecting the (i) total funds restrained and identifies the financial account(s) and sub-account(s) which the restrained funds are related to in this matter per Defendant; (ii) the total chargebacks, refunds, and/or transaction reversals deducted from each Defendant's funds restrained prior to release; and (iii) the total funds released per Defendant to Plaintiff. On an ongoing basis, should the financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, AliExpress, Ant Financial Services, Alipay, Worldpay, and their related companies and affiliates become aware or be made aware of additional financial accounts and sub-accounts related to Defendants herein, the financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, AliExpress, Ant Financial Services, Alipay, Worldpay, and their related companies and affiliates shall also restrain and transfer the funds in such

accounts to Plaintiff in satisfaction of each Defendant's judgment until that judgment is paid in full.

8. Interest from the date this action was filed shall accrue at the legal rate. See 28 U.S.C. § 1961.

9. The bond posted by Plaintiff in the amount of $10,000.00 is **ORDERED** to be released by the Clerk.

10. The Court retains jurisdiction to enforce this Judgment and Permanent Injunction.

11. To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 13th day of February, 2017.

WILLIAM J. ZLOCH
UNITED STATES DISTRICT JUDGE

Copies Furnished:

All Counsel and Parties of Record

**SCHEDULE "A"**
**DEFENDANTS BY NUMBER AND SELLER IDS**

| Defendant Number | Seller ID | Store Number |
|---|---|---|
| 1 | 7788 Jewelry&Gifts store | 814331 |
| 2 | Alice | 2191042 |
| 3 | Amybaby Jewelry and Clothes Accessory Company | 2199032 |
| 4 | Bling Case Specialty Store | 1799793 |
| 5 | Brand City | 1954110 |
| 6 | Chunky Beads Factory | 918540 |
| 7 | Drew Baby Fashion Mall | 1555178 |
| 8 | E000 Store | 2343176 |
| 8 | Beautiful Jewelry Store | 2342308 |
| 9 | EVL JEWELRY | 1334596 |
| 10 | Fashion Crystal Jewelry Wholesale Store | 1950516 |
| 11 | Fine fashion product shop | 2139001 |
| 12 | Jewelry Merchants Store | 1970303 |
| 13 | Kiss Fashion | 331720 |
| 14 | KK Mall Shopping Centre | 1455641 |
| 15 | Luxury mobile phone accessories | 1799774 |
| 16 | Lyndon Fashion Jewelry | 534216 |
| 17 | Meihang Technology | 227469 |
| 18 | min Order $ 5 jewelry store | 827523 |
| 19 | Momo Jewelry - Botique Gift Store | 814578 |
| 20 | romon love | 2025027 |
| 21 | Shenzhen B VESR Electronic Tech CO. LTD | 622711 |
| 22 | Shenzhen Kayin Technology Co.,Ltd. | 1766313 |
| 23 | Shenzhen Supereal Technology Co., Ltd. | 709851 |
| 24 | Shoulder storm Cheng | 1192316 |
| 25 | Steven E-Commerce Co., Ltd. | 1709809 |
| 26 | SuGer Jewelry | 2067091 |
| 27 | Sweet Girl's Home | 630145 |
| 28 | Tengmeng Fashion Jewelry & Accessories | 1341078 |
| 29 | U-Star Co.,Ltd | 704284 |
| 30 | Whatsapp: + 8615179958467 | 2229072 |
| 31 | Win-Win Company | 602900 |

| | | |
|---|---|---|
| 32 | yang yang Bag shop Store | 2349173 |
| 33 | Young Team Mall | 2137039 |
| 34 | You're my VIP | 2058156 |
| 35 | Yuzu Square | 1416277 |
| 36 | YWD phone shop | 1966573 |